AGUSTÍN PÉREZ, demandante y apelante, *v.* MARÍA NARCISA PÉREZ Y DÍAZ, y Dr. FRANK RIVERA, éste como encargado del Registro Civil de Hormigueros, P. R., demandados y apelados.

No. 3455.—*Visto:* Marzo 5, 1925. *Resuelto:* Julio 28, 1925.

1. INJUNCTION—MATERIAS SUJETAS A PROTECCIÓN Y REMEDIO—DEBERES Y DERECHOS PERSONALES—INEXISTENCIA DE UN ALEGADO DERECHO DE PROPIEDAD.— No existiendo indicación clara alguna de una intención legislativa en abolir las reglas de práctica en equidad, una corte no comete error al desestimar una petición de entredicho e *injunction* cuando no existe "un alegado derecho de propiedad" en el cual "el ejercicio de la facultad"—concesión del remedio—pueda siquiera "fundarse nominalmente".

2. INJUNCTION—NATURALEZA Y FUNDAMENTOS EN GENERAL—FUNDAMENTOS DEL

REMEDIO—ALEGACIÓN INSUFICIENTE DE DAÑOS IRREPARABLES.—*Considerada la alegación en cuanto a daños irreparables hecha en la petición de entredicho e injunction—en un caso de divorcio fundado on adulterio—para que no se verificara la inscripción del nacimiento de un niño como hijo del peticionario, se resolvió: que dicha alegación es vaga y poco satisfactoria.*

SENTENCIA de *Angel Acosta,* J. (Mayagüez), declarando sin lugar peticiones de entredicho e *injunction. Confirmada.*

*Alemañy & Ramírez,* abogados del apelante; *Pedro Baigés Gómez,* abogado de la demandada-apelada María Narcisa Pérez.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El demandante estableció demanda de divorcio basado en el adulterio de la esposa, con la súplica de que la corte dicte un pronunciamiento sobre el estado legal de un niño que se alega haber nacido como consecuencia de tales relaciones ilícitas, y que la corte dicte una orden preliminar de *injunction* para que no se verifique la inscripción del nacimiento de tal niño como hijo del demandante en el Registro Civil.

Estamos interesados ahora solamente en este último particular, siendo la única alegación del apelante que:

"La corte erró al desestimar las peticiones de entredicho e *injunction* fundándose en que en una acción de la naturaleza de la que en este caso se ejercitó, hasta tanto no sea el mismo resuelto en definitivo, no procede ningún remedio extraordinario de la naturaleza del que se solicita."

[1] En apoyo de esta proposición el apelante descansa en nuestra definición estatutoria del *injunction,* Estatutos Compilados, sección 1354, en la máxima *Ubi lex non distinguit, nec nos distinguere debemus* y en la cita que hace en su alegato, a saber:

"Aunque la jurisdicción de equidad para conceder un *injunction* se considera generalmente como limitada a los casos donde están envueltos derechos de propiedad y que no se extiende a un derecho exclusivamente personal, sin embargo, en muchos casos en los cuales se ha concedido un remedio, parece que aunque el ejercicio de la facultad se funda nominalmente en un alegado derecho de propiedad, la observancia de la regla de que la equidad se limitará a los dere-

chos de propiedad es, en realidad, sólo nominal, siendo el derecho para proteger el cual se concede el remedio, en realidad meramente personal. . . . . En una jurisdicción se ha afirmado categóricamente que un *injunction* puede concederse para proteger un derecho personal, cuya resolución, aun cuando se dicte en una jurisdicción donde prevalece la Ley Civil, sin embargo, parece estar de acuerdo en espíritu, si no en el texto empleado, con algunas de las modernas decisiones.'' 14 R.C.L. 370.

Pero en el presente caso ni siquiera existe ''un alegado derecho de propiedad'' en el cual ''el ejercicio de la facultad'' pudiera siquiera ''fundarse nominalmente.''

Aunque nuestro estatuto es al parecer bastante amplio para permitir a una corte insular que vaya tan lejos como una corte de equidad se sentiría justificada en hacerlo, y no estamos dispuestos a ser más conservadores que lo que han sido otras cortes en este respecto, sin embargo no encontramos ninguna indicación clara de una intención legislativa en abolir las bien reconocidas y por mucho tiempo establecidas reglas de práctica en equidad.

[2] Ni tampoco estamos satisfechos con la vaga alegación en cuanto a daños irreparables, o sea que:

''El demandante sufrirá daños irreparables, consistentes en crear vínculos de padre e hijo entre él y el hijo de la demandada María Narcisa Pérez y Díaz, afectando tanto a la reputación y moral del demandante como a sus sentimientos y dignidad.''

Presumiéndose la paternidad del hijo nacido durante el matrimonio, hasta que se haga constar lo contrario, no podemos comprender, ni trata tampoco el apelante de explicar, cómo es que una inscripción en el Registro Civil pudiera establecer un nuevo estado legal o cualquier responsabilidad, o hasta notoriedad adicional.

Asimismo el demandante alega que no tiene ningún otro remedio adecuado por el cual pueda ''evitar la inscripción ilegal de dicho niño'' y en el alegato del apelante el abogado manifiesta que la prestación de una fianza proporcionaría una compensación amplia a la esposa y madre por cuales-

quiera daños en caso de una sentencia definitiva a su favor. Pero el demandante no alega que la esposa no pueda igualmente ser responsable en daños y perjuicios por cualquier grave daño a la reputación, susceptibilidad y dignidad del demandante como consecuencia de la pretendida inscripción si se hace indebida, voluntaria y fraudulentamente.

*Debe confirmarse la sentencia apelada.*